# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

**DARRELL WESLEY BANKS**              **CIVIL ACTION NO. 23-1186-P**

**VERSUS**                            **JUDGE DOUGHTY**

**RED BALL OXYGEN, ET AL.**           **MAGISTRATE JUDGE HORNSBY**

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Darrell Wesley Banks ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on August 29, 2023. Plaintiff is detained at the Caddo Correctional Center in Shreveport, Louisiana. He names Red Ball Oxygen, Alex Kennedy, Edward Kennedy, Bob Ewing, the Shreveport Police Department, and Unknown Arresting Officers as defendants.

Plaintiff claims Red Ball Oxygen employees Alex Kennedy, Bob Ewing, and Edmund Kennedy harassed him, discriminated against him, humiliated him, and had him incarcerated. He claims the Shreveport Police Department aided Alex Kennedy, Bob Ewing, and Edmund Kennedy.

Plaintiff provides documentation which states that he was arrested by Shreveport Police Officers on July 28, 2023 and charged with six counts of violation of a protective order, one count of open container, one count of no proof of insurance, once count of prohibited acts/drug paraphernalia, and one count of suspended license [Doc. 7, p. 3]. Plaintiff claims he was arrested without proper cause and for frivolous reasons. Plaintiff claims he did not violate the protective order and he did not contact Defendants.

Plaintiff claims that on November 6, 2022,[1] Judge Ramona Emanuel had him detained at the Caddo Correctional Center for alleged DWI.

Plaintiff claims he and his counsel were not present for the court ordered trial. He claims the judge did not allow a defense for the frivolous protective order. He claims the agency and the judge denied him due process regarding the protective order. Plaintiff claims he and his counsel requested a change of date and the judge proceeded on the wrong date.

Plaintiff claims Red Ball Oxygen had him arrested on one prior occasion. He filed an EEOC complaint and an NLRA complaint on separate issues concerning his prior employment. He claims he was fired for no stated reason. He claims Red Ball Oxygen has given charitable donations, body cameras, and bullet proof vests to the Shreveport Police Department. He claims the agency has continued their attempts to arrest, degrade, and humiliate him.

---

[1] The court is unable to determine if Plaintiff intended 2023 and not 2022.

Plaintiff claims the Shreveport Police have continued their pursuit of him. He claims the Shreveport Police have arrested him three times in the past year. He claims the judges have risked their ethical standards with his arrests and the bonds they have set.

Accordingly, Plaintiff seeks compensation with interest, damages, prosecution of the police, and injunctive relief.

## LAW AND ANALYSIS

Plaintiff was charged with six counts of violation of a protective order, one count of open container, one count of no proof of insurance, once count of prohibited acts/drug paraphernalia, and one count of suspended license. If Plaintiff is ultimately convicted of the pending charges, a favorable ruling on his claims could call into question the validity of his convictions. Plaintiff would not be entitled to seek relief for these claims until such time as the conviction in question had been declared invalid. See Heck v. Humphrey, 512 U.S. 477 (1994).[1] However, since the criminal prosecution in Plaintiff's case remains pending, Heck does not apply at this time. See Wallace v. Kato, 549 U.S. 384 (2007) (the Heck rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

---

[1] In Heck, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994).

In cases such as Plaintiff's, where charges remain pending, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. See Wallace, 549 U.S. at 393-94.

In Wallace, the Court stated, "if a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended." Id. at 393-94. The Fifth Circuit has noted that, in such cases, the court "may - indeed should - stay proceedings in the section 1983 case until the pending criminal case has run its course. . .." Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995); see also Busick v. City of Madison Miss., 90 Fed. Appx. 713, 713–714 (5th Cir. 2004).

Plaintiff's civil rights claims should be stayed pending the outcome of the criminal charges. Thereafter, in the event Plaintiff is convicted, he may pursue this § 1983 claim only upon a showing that the suit is not barred by Heck.

## CONCLUSION

Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights claims be **STAYED** until the criminal proceedings against Plaintiff are completed, subject to the following conditions:

> Within thirty (30) days of the date the state court criminal proceedings have concluded, Plaintiff **SHALL FILE** a motion asking this court to lift the stay.

The action will proceed at that time, absent some other bar to suit. See Wallace v. Kato, 549 U.S. 384 (2007).

If the stay is lifted and the court finds Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under Heck; if no such finding is made, the action will proceed at that time, absent some other bar to suit.

In light of the stay, Plaintiff **SHALL NOT** file any more documents in this action until the state court proceedings have concluded.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** in chambers in Shreveport, Louisiana, this 2nd day of February, 2024.

Mark L. Hornsby
U.S. Magistrate Judge