UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **DARRELL WESLEY BANKS** | **CIVIL ACTION NO. 23-1186-P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **RED BALL OXYGEN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM ORDER**

Before the court is a civil rights complaint filed <u>in</u> <u>forma</u> <u>pauperis</u> by <u>pro</u> <u>se</u> plaintiff Darrell Wesley Banks ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on August 29, 2023. Plaintiff names Red Ball Oxygen, Alex Kennedy, Edward Kennedy, Bob Ewing, the Shreveport Police Department, and Unknown Arresting Officers as defendants.

Plaintiff claims Red Ball Oxygen employees Alex Kennedy, Bob Ewing, and Edmund Kennedy harassed him, discriminated against him, humiliated him, and had him incarcerated. He claims the Shreveport Police Department aided Alex Kennedy, Bob Ewing, and Edmund Kennedy.

Plaintiff provides documentation which states that he was arrested by Shreveport Police Officers on July 28, 2023 and charged with six counts of violation of a protective order, one count of open container, one count of no proof of insurance, once count of prohibited acts/drug paraphernalia, and one count of suspended license [Doc. 7, p. 3].

Plaintiff claims he was arrested without proper cause and for frivolous reasons. Plaintiff claims he did not violate the protective order and he did not contact Defendants.

Plaintiff claims that on November 6, 2022,[1] Judge Ramona Emanuel had him detained at the Caddo Correctional Center for alleged DWI.

Plaintiff claims he and his counsel were not present for the court ordered trial. He claims the judge did not allow a defense for the frivolous protective order. He claims the agency and the judge denied him due process regarding the protective order. Plaintiff claims he and his counsel requested a change of date and the judge proceeded on the wrong date.

Plaintiff claims Red Ball Oxygen had him arrested on one prior occasion. He filed an EEOC complaint and an NLRA complaint on separate issues concerning his prior employment. He claims he was fired for no stated reason. He claims Red Ball Oxygen has given charitable donations, body cameras, and bullet proof vests to the Shreveport Police Department. He claims the agency has continued their attempts to arrest, degrade, and humiliate him.

Plaintiff claims the Shreveport Police have continued their pursuit of him. He claims the Shreveport Police have arrested him three times in the past year. He claims the judges have risked their ethical standards with his arrests and the bonds they have set.

On March 11, 2024, Plaintiff filed a motion to lift stay and informed the court that he had been relieved of his stay of incarceration and that his court hearing scheduled for

---

[1] The court is unable to determine if Plaintiff intended 2023 and not 2022.

Page **2** of **4**

February 28, 2024 had concluded [Doc. 14]. On March 12, 2024, the court granted Plaintiff's motion to lift stay [Doc. 15].

Accordingly, Plaintiff seeks compensation with interest, damages, prosecution of the police, and injunctive relief.

For a Section 1983 claim to be meritorious, the Plaintiff must allege facts sufficient to establish that state actors were deliberately indifferent to his constitutional rights. See Whitley v. Albers, 475 U.S. 312 (1986). Before this court can determine the proper disposition of this matter, the Plaintiff should be given the opportunity to set forth with specificity the factual basis of his claim. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

In order for this court to determine what action, if any, shall be taken on this suit;

**THE CLERK IS DIRECTED** to serve by mail, a copy of this memorandum order upon the Plaintiff, who is **ORDERED** to furnish to the Clerk of Court in Shreveport, Louisiana, within thirty (30) days after service of this order, an amended complaint setting forth the factual allegations of his civil rights suit. Specifically, the Plaintiff must submit the following to this court:

1.) What was the disposition of each of his charges - the six counts of violation of a protective order, one count of open container, one count of no proof of insurance, once count of prohibited acts/drug paraphernalia, and one count of suspended license – at the hearing on February 28, 2024;

2.) State whether each charge was dismissed, or he was convicted and sentenced of the charge; and

3.) If he was convicted and sentenced of a charge, state what the sentence is including if sentenced to time served or released on parole, probation, or suspension of sentence.

Failure to do so will result in dismissal of Plaintiff's suit pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 14th day of June 2024.

Mark L. Hornsby
U.S. Magistrate Judge