UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**DARRELL WESLEY BANKS**          **CIVIL ACTION NO. 23-1186-P**

**VERSUS**          **JUDGE DOUGHTY**

**RED BALL OXYGEN, ET AL.**          **MAGISTRATE JUDGE HORNSBY**

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Darrell Wesley Banks ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on August 29, 2023. Plaintiff names Red Ball Oxygen, Alex Kennedy, Edward Kennedy, Bob Ewing, the Shreveport Police Department, and Unknown Arresting Officers as defendants.

Plaintiff claims Red Ball Oxygen employees Alex Kennedy, Bob Ewing, and Edmund Kennedy harassed him, discriminated against him, humiliated him, and had him incarcerated. He claims the Shreveport Police Department aided Alex Kennedy, Bob Ewing, and Edmund Kennedy.

Plaintiff provides a booking report printed on July 29, 2023 which states that he was arrested by Shreveport Police Officers on July 28, 2023 and charged with six counts of violation of a protective order, one count of open container, one count of no proof of

insurance, once count of prohibited acts/drug paraphernalia, and one count of suspended license. Plaintiff complains that he was arrested without proper cause and for frivolous reasons. Plaintiff claims he did not violate the protective order, and he did not contact the Defendants.

Plaintiff claims he and his counsel were not present for the court ordered trial. He claims the judge did not allow a defense for the frivolous protective order. He claims the agency and the judge denied him due process regarding the protective order. Plaintiff claims he and his counsel requested a change of date and the judge proceeded on the wrong date.

Plaintiff claims Red Ball Oxygen had him arrested on one prior occasion. He filed an EEOC complaint and an NLRA complaint on separate issues concerning his prior employment. He claims he was fired for no stated reason. He claims Red Ball Oxygen has given charitable donations, body cameras, and bullet proof vests to the Shreveport Police Department. He claims the agency has continued its attempts to arrest, degrade, and humiliate him.

Plaintiff claims the Shreveport Police have continued their pursuit of him. He claims the Shreveport Police have arrested him three times in the past year. He claims the judges have risked their ethical standards with his arrests and the bonds they have set. Plaintiff claims that on November 6, 2022, Judge Ramona Emanuel had him detained at the Caddo Correctional Center for alleged DWI.

Page **2** of **8**

On March 11, 2024, Plaintiff filed a motion to lift stay and informed the court that he had been relieved of his stay of incarceration and that his court hearing scheduled for February 28, 2024 had concluded. On March 12, 2024, the court granted Plaintiff's motion to lift stay.

Plaintiff states he received a plea agreement in which he pleaded guilty to one count of violation of a protective order. He states he was sentenced to one year and 14 days imprisonment and subjected to 90 days supervised probation which was suspended.

Accordingly, Plaintiff seeks compensation with interest, damages, prosecution of the police, and to have the agency cease and desist.

## LAW AND ANALYSIS

**Heck Claim**

Plaintiff claims he was wrongly arrested, convicted and sentenced for violation of a protective order because of the actions of Defendants. Plaintiff is seeking monetary damages and injunctive relief for an allegedly unconstitutional arrest, conviction, and sentence. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas."

Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641,648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages and injunctive relief for civil rights violations under Section 1983; therefore, he must prove his conviction and/or sentence have been invalidated. He has not met this precondition, and his complaint must be dismissed until such time that he can demonstrate that his conviction and/or sentence have been invalidated.

**Red Ball Oxygen, Alex Kennedy, Edward Kennedy, and Bob Ewing**

Plaintiff names Red Ball Oxygen and its employees Alex Kennedy, Edward Kennedy and Bob Ewing as defendants. Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. See 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct of which he is

complaining was committed by a person acting under color of state law. Plaintiff has not alleged any action that would give rise to defendants Red Ball Oxygen, Alex Kennedy, Edward Kennedy, and Bob Ewing being state actors for purposes of Section 1983.

Accordingly, Plaintiff's civil rights claims against Red Ball Oxygen, Alex Kennedy, Edward Kennedy, and Bob Ewing should be dismissed as frivolous.

**Shreveport Police Department**

Plaintiff has named the Shreveport Police Department as a defendant. The Shreveport Police Department is not a legal entity capable of being sued in federal court, so all claims against it should be dismissed. See Evans v. City of Homer, 2007 WL 2710792 (W.D.La.2007); Martin v. Davis, 2007 WL 763653 (E.D.La.2007) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued.").

Accordingly, Plaintiff's civil rights claims against the Shreveport Police Department should be dismissed as frivolous.

**Judge Ramona Emanuel**

Plaintiff does not name Judge Ramona Emanuel or any judge as a defendant. However, he states that on November 6, 2022, Judge Ramona Emanuel had him detained at the Caddo Correctional Center for alleged DWI. He claims the judges have risked their ethical standards with his arrests and the bonds they have set. Plaintiff cannot allege claims against Judge Emanuel or any judge regarding his arrests and bonds. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance

of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claims against Judge Emanuel should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages and injunctive relief for his allegedly unconstitutional arrest, conviction, and sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met. **IT IS FURTHER RECOMMENDED** that Plaintiff's remaining civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 10th day of February, 2025.

Mark L. Hornsby
U.S. Magistrate Judge